SOPHRONIA S. CLARK, Executrix, *vs.* WILLIAM H. CLAPP, Administrator, *et als.*

A bill in equity was filed to enjoin an action at law, because:
1. The action was on a judgment which had been satisfied.
2. The judgment creditor was guilty of *laches* in delaying to bring his action.
3. The action was maliciously brought to harass and oppress.
On demurrer to the bill:
*Held*, that the demurrer should be sustained. As to the *first* allegation of the bill, the remedy at law was complete. As to the *second*, equity will not enjoin an action at law because delayed, if brought within the statutory period of limitation. As to the *third*, equity will not enjoin the prosecution of legal rights because the prosecutor's motives are malicious.

BILL IN EQUITY to enjoin an action at law. On demurrer to the bill.

*July* 14, 1883. PER CURIAM. This is a suit in equity to enjoin an action at law on a judgment. The bill alleges in effect, but with much detail, three grounds for injunction, namely : *first*, that the judgment has been paid or satisfied ; *second*, that the holders of the judgment have been guilty of *laches ;* and *third*, that it is being sued by or at the instigation of a person having no interest in it, maliciously, for the purpose of harassing and oppressing the complainant. We do not think the action can be enjoined for these reasons. The defence of payment is a good defence at law. After twenty years payment is presumed unless the presumption be rebutted ; it may be inferred as a matter of fact by the jury in less than twenty. Freeman on Judgments, §§ 464, 465. And see Pub. Stat. R. I. cap. 212, § 8. Equity will not enjoin an action at law for *laches* if it be commenced within the period allowed by the statute of limitations. *City of Concord* v. *Norton, Trustee,* 16 Federal Reporter, 477, and cases cited in the opinion. And in our opinion a person cannot be enjoined from pursuing his legal rights because he is pursuing them from malicious motives. The law will not inquire into the motives which lead a man to do what he has a good right to do. The bill does not allege that the judgment is not being sued for the benefit of the

assignee in bankruptcy who is entitled to it, or that it is being sued without his consent and against his will.

*Demurrer sustained.*

*James M. Ripley & John D. Thurston*, for complainant.

*B. Wadleigh & William H. Clapp*, for respondents.